**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

Lomurro, Munson LLC
Eric H. Lubin, Esq. ID #: 012442007
Monmouth Executive Center
4 Paragon Way, Suite 100
Freehold, New Jersey 07728
Telephone: (732) 414-0300
Fax: (732) 431-4043
Attorneys for Defendants/Counterclaimants/Third-Party Plaintiffs Kevin Monell, Jason Caruso, and the Journal of Wildlife Photography LLC.

| | |
|---|---|
| GOING PRO: THE BUSINESS OF WILDLIFE PHOTOGRAPHY, LLC,<br><br>    Plaintiff/Counter Claim-Defendant,<br><br>vs.<br><br>KEVIN MONELL; JASON CARUSO; and THE JOURNAL OF WILDLIFE PHOTOGRAPHY, LLC,<br><br>    Defendants/Counterclaimants.<br>--------------------------------------------------------<br>KEVIN MONELL; JASON CARUSO; THE JOURNAL OF WILDLIFE PHOTOGRAPHY, LLC; and JAYMOE, LLC,<br><br>    Third-Party Plaintiffs<br><br>vs.<br><br>GOING PRO: THE BUSINESS OF WILDLIFE PHOTOGRAPHY, LLC, ANNALISE KAYLOR WORLEY, JARED LLOYD and JARED LLOYD PHOTOGRAPHY, LLC.<br><br>    Third-Party Defendants. | CASE NO.: 2:23-cv-00781-EP-AME<br><br>CIVIL ACTION<br><br>**AMENDED ANSWER, COUNTERCLAIM AND THIRD-PARTY COMPLAINT ON BEHALF OF DEFENDANTS' KEVIN MONELL, JASON CARUSO, AND THE JOURNAL OF WILDLIFE PHOTOGRAPHY** |

1

Defendants Kevin Monell ("Monell"), Jason Caruso ("Caruso") and The Journal of Wildlife Photography, LLC (collectively, "JWP") say by and through their counsel Eric H. Lubin, Esq., of the law firm of Lomurro Munson, by way of Counterclaim against Plaintiff Going Pro: The Business of Wildlife Photography, LLC ("Going Pro") and third-party party complaint against Annalise Kaylor Worley ("Worley"), Jared Lloyd Photography, LLC ("JLP") and Jared Lloyd ("Lloyd"):

## ANSWER

### SUMMARY OF THE CASE

1. Neither admitted nor denied and Plaintiff is left to its proofs.
2. Denied.
3. Denied.
4. Denied.
5. Denied.
6. Denied.
7. Denied.

### PARTIES

8. Neither admitted nor denied and Plaintiff is left to its proofs.
9. Neither admitted nor denied and Plaintiff is left to its proofs.
10. Neither admitted nor denied and Plaintiff is left to its proofs.
11. Admitted.
12. Admitted.
13. Admitted.
14. Admitted.

15. Admitted.

16. Neither admitted nor denied and Plaintiff is left to its proofs.

## JURISDICTION AND VENUE

17. This is an averment of law to which no response is required.

18. This is an averment of law to which no response is required.

19. This is an averment of law to which no response is required.

## BACKGROUND

20. Admitted that a business was formed, denied as to remainder.

21. Admitted as to ownership, denied as to remainder.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Neither admitted nor denied and Plaintiff is left to its proofs.

27. Denied.

28. Denied.

29. Neither admitted nor denied and Plaintiff is left to its proofs.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Neither admitted nor denied and Plaintiff is left to its proofs.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Neither admitted nor denied and Plaintiff is left to its proofs.

44. Neither admitted nor denied and Plaintiff is left to its proofs.

45. Neither admitted nor denied and Plaintiff is left to its proofs.

46. Neither admitted nor denied and Plaintiff is left to its proofs.

47. Neither admitted nor denied and Plaintiff is left to its proofs.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

## COUNT ONE

### VIOLATION OF THE NEW JERSEY COMPUTER RELATED OFFENSES ACT (N.J.S.A.2A:38A-30

52. Each and every paragraph of this pleading is repeated at length herein.

53. This is an averment of law to which no response is required.

54. This is an averment of law to which no response is required.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

## COUNT TWO

## MISAPPROPRIATION OF TRADE SECRETS IN VIOLATION OF THE DEFEND TRADE SECRETS ACT (18 U.S.C.S 1836, et seq.)

64. Each and every paragraph of this pleading is repeated at length herein.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

## COUNT THREE

### *MISAPPROPRIATION*

77. Each and every paragraph of this pleading is repeated at length herein.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

## COUNT FOUR

### *UNJUST ENRICHMENT*

83. Each and every paragraph of this pleading is repeated at length herein.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

## COUNT FIVE

### *UNFAIR COMPETITION*

91. Each and every paragraph of this pleading is repeated at length herein.

92. Denied.

93. Denied.

94. Denied.

## COUNT SIX

### *TORTIOUS INTERFERENCE WITH EXISTING AND PROSPECTIVE CONTRACTUAL AND BUSINESS RELATIONSHIPS*

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants demand judgment in their favor dismissing Plaintiff's complaint in its entirety, with prejudice, denial of all of Plaintiff's prayers for relief, an award of reasonable attorneys' fees and costs, and any other relief this Court deems equitable and just. Defendants further reserve the right to amend this pleading to assert counterclaims.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a cause of relief upon which relief can be granted.

2. Defendants have acted with consent of the agents of Plaintiff and were authorized to engage in all actions attributed to them.

  3.  Plaintiff assumed the risk of which it now complains.

  4.  Plaintiff is estopped from making its counterclaim.

  5.  Plaintiff's hands are dirty.

  6.  Plaintiff has violated the doctrine of laches.

  7.  Plaintiff has engaged in illegality.

  8.  Plaintiff has waived its rights.

  9.  Plaintiff's claims are barred by the applicable statute of limitations.

  10.  Plaintiff has waived its right to recovery.

  11.  Plaintiff has failed to mitigate its damages.

  12.  Plaintiff's claims are barred by the doctrine of waiver, ratification, and estoppel.

Plaintiffs/Counterclaim Defendants reserve the right to amend its affirmative defenses and this responsive pleading as discovery proceeds.

## COUNTERCLAIM AND THIRD-PARTY COMPLAINT

### *PARTIES*

1. Third-Party Plaintiffs ("TPP") Caruso, Monell, JWP and JayMoe repeat and reallege each and every paragraph of this pleading as if set forth herein at length.

2. TPP Monell is a citizen of New Jersey with an address at 23 Birchwood Ln, Boonton, NJ 07005.

3. TPP JayMoe is a limited liability company organized under the laws of the State of New Jersey.

4. TPP Caruso is a citizen of South Carolina with an address at 8092 Fort Hill Way, Myrtle Beach, SC 29579.

5. TPP JWP is a is a Montana limited liability company that maintains a business address at 2364 Renee Way, Bozeman, MT 59715.

6. Third Party Defendant ("TPD") Going Pro is a Wyoming limited liability company with a principal office address at 30 N Gould Street, Suite N, Sheridan WY 82801.

7. TPD Worley, upon information and belief, is currently the sole member of Going Pro and is a citizen of Georgia.

8. TPD Lloyd, upon information and belief, is a resident of Montana or Virginia, and is the sole owner of TPD Jared Lloyd Photography ("JLP"), which is a limited liability company organized under the laws of Montana.

## JURISDICTION AND VENUE

9. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between the parties such that the dispute is between citizens of different states.

10. The court also has jurisdiction pursuant to 28 U.S.C. § 1331 because this matter involves a federal question under the Defend Trade Secrets Act.

11. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2) and (b)(3).

## BACKGROUND

12. In July 2019, Caruso and Monell were offering for-hire services in marketing and business growth.

13. On or about that same time, Caruso and Monell were approached by Jared Lloyd, who was soliciting their help to grow his wildlife photography business, JLP.

14. On or about August 1, 2019, the parties entered into business relations and jointly began JWP.

9

15. At the time, the owners of JWP were, equally, JayMoe (which is owned by Caruso and Monell) and JLP (which is owned by Lloyd).

16. JayMoe, and its owners, and JLP, and its owners, agreed to contribute to JWP all of their business-related assets, including, customer lists, media and other valuable proprietary information about their prior businesses.

17. JWP used a Stripe account to manage its finances as well as maintaining its proprietary customer list.

18. As a condition of the JWP venture, a duty of loyalty provision was required that barred the partners from engaging in any business venture or transaction that might be competitive with the business of JWP, or if it is in direct conflict with the interest of JWP.

19. Over the course of the JWP partnership, JWP spent over $1 million to grow its list of clients to approximately 132,000.

20. JWP's email and client lists were among its most valuable assets, allowing the brand to reach out to 132,000 subscribers with new offers and company updates.

21. The email list was considered an invaluable trade secret that gave JWP a competitive and economic advantage over other similarly situated companies.

22. In early 2022, Lloyd, JLP and Worley, who upon information and belief are engaged or in a romantic relationship, conspired together to secretly convert JWP's proprietary information to open a competing business and steal JWP's customers.

23. Lloyd, JLP and Worley did this through a new entity entitled Going Pro.

24. Beginning in early 2022, and then occurring multiple times thereafter, Lloyd, in concert with JLP, Going Pro and Worley, to further their conspiracy, downloaded the entirety of JWP's customer list.

25. Lloyd, JLP and Worley conspired to use that list, which they knew did not belong to them and was obtained through improper means, to steal JWP's current and future customers and to promote Going Pro and deceive the customers who signed up for JWP's services into believing they signed up for Going Pro.

26. JLP, Lloyd and Worley used JWP's customer list to send solicitations for Going Pro, which directly competed with LWP.

27. Many JWP customers began to express confusion as to how Going Pro had found their contact information when they were subscribers of JWP. Those customers expressed dissatisfaction with the deceptive conduct of Lloyd and Worley.

28. Caruso and Monell discovered that Lloyd had set up a Going Pro Stripe profile on the same account as JWP and cross-referenced the Going Pro account information with JWP's. Through this process, Caruso and Monell learned that most of the payments to Going Pro were coming from JWP's existing customer and prospect lists.

29. Lloyd and JLP also surreptitiously transferred additional assets of JWP to Going Pro, such as content, advertising, and ongoing subscriptions without customer approval.

30. Caruso and Monell also learned that Lloyd and JLP had taken money directly from JWP's account and used it to fund Going Pro's competing activities. Additionally, JWP's content was being stolen and used by Lloyd and Worley with Going Pro.

31. Jaymoe sued Lloyd and JLP in Montana District Court where Lloyd agreed to temporary restraints. In those restraints, Lloyd and JLP agreed that, *inter alia*, they had no more involvement with Going Pro and Going Pro has no more access to JWP's customer list.

32. However, customers of JWP being contacted by Going Pro shows that Lloyd and JLP deceptively retained said lists and continued to solicit JWP's customers on that list after

misrepresenting that said list was destroyed.

33. Lloyd and JLP also represented they were no longer affiliated with Going Pro, but, upon information and belief, Lloyd and JLP merely transferred ownership or misrepresented transfer of ownership of Going Pro to their co-conspirator, Worley, to continue Going Pro's unfair competition using the customer lists and other assets Lloyd, JLP and Worley stole from JWP. In this regard, Worley merely acted as a straw person for Lloyd and JLP.

34. During the pendency of the aforementioned Montana litigation, JL and JLP were bought out of the JWP based upon those misrepresentations.

35. As part of the buyout, JL and JLP was again obligation to return sole possession and ownership of JWP's customer lists to JWP.

36. Despite representing that said lists were returned to JWP, and receiving ongoing payments for their interest in JWP, JL and JLP retained said lists as evidenced by JWP being contacted by JWP customers without ever having signed up to receive said solicitations.

## **COUNT I- CONVERSION**

37. Defendants/third-party Plaintiffs incorporate by reference the foregoing paragraphs.

38. Worley, Going Pro, Lloyd and JLP converted JWP's proprietary email list by using it without authorization for their own benefit.

39. Worley, Going Pro, Lloyd and JLP acted without JWP's consent, knowledge or approval in using the email list for their own business purposes, and their actions were intentional, willful, and malicious.

40. As a direct result of Worley, Going Pro, Lloyd and JLP conversion of the JWP proprietary email list, JWP suffered damages in an amount to be proven at trial.

## COUNT II- TORTIOUS INTERFERENCE

41. Defendants/third-party Plaintiffs incorporate by reference the foregoing paragraphs.

42. Worley, Going Pro, Lloyd and JLP tortiously interfered with JWP's business and contractual relations by using JWP's proprietary email list to promote their competing business.

43. Worley, Lloyd, JLP and Going Pro were aware of the existence of the duty of loyalty provision in the partnership agreement involving JWP and knew that their actions were in direct violation of that agreement.

44. Worley, Going Pro, JLP and Lloyd intended to disrupt and interfere with JWP's business operations by using its proprietary email list, and the actions were intentional, willful, and malicious.

45. As a direct result of Worley, Going Pro, Lloyd and JLP tortious interference with JWP's business relations, JWP suffered damages in an amount to be proven at trial.

## COUNT III- MISAPPROPRIATION OF TRADE SECRETS IN VIOLATION OF THE DEFEND TRADE SECRETS ACT 18 U.S.C. § 1836

46. Defendants/third-party Plaintiffs incorporate by reference the foregoing paragraphs.

47. Worley, Going Pro, Lloyd and JLP misappropriated JWP's trade secrets by using its proprietary email list without authorization.

48. JWP's email list was considered a valuable trade secret that gave JWP a competitive advantage over other similarly situated companies.

49. Worley, Going Pro, Lloyd and JLP used the email list to promote their competing business, Going Pro, and to gain an unfair advantage over JWP.

50. Worley, Going Pro, Lloyd and JLP conspired with Lloyd to misappropriate the email list of JWP.

51. Worley, Going Pro, Lloyd and JLP acted without JWP's consent, knowledge, or approval in using the email list for their own business purposes, and their actions were intentional, willful, and malicious.

52. As a direct result of Worley, Going Pro, Lloyd and JLP's misappropriation of JWP's trade secrets, JWP suffered damages in an amount to be proven at trial.

### COUNT IV- CIVIL CONSPIRACY

53. Defendants/third-party Plaintiffs incorporate by reference the foregoing paragraphs.

54. Worley, Going Pro, Lloyd and JLP engaged in a civil conspiracy with Lloyd to improperly access JWP's protected trade secrets and computer systems to convert and use JWP's proprietary email list to promote their competing business, Going Pro, and to gain an unfair advantage over JWP.

55. Worley, Going Pro, Lloyd and JLP knew that their actions were in violation of JWP's rights and Lloyds contractual obligations thereto, and they acted with the intent to interfere and disrupt JWP's business operations.

56. Worley, Going Pro, Lloyd and JLP acted in concert with one another to circumvent the restrictions placed on JLP, and their actions were intentional, willful, and malicious.

57. As a direct result of Worley, Going Pro, Lloyd and JLP's civil conspiracy, JWP suffered damages in an amount to be proven at trial.

### COUNT V – VIOLATION OF N.J.S.A. 2A:38A-3.

58. Defendants/third-party Plaintiffs incorporate by reference the foregoing paragraphs.

59. Worley, Going Pro, Lloyd and JLP purposely accessed JWP's computers, computer systems and network and took secret and proprietary information and databases without authorization belonging to JWP.

60. Worley, Going Pro, Lloyd and JLP knew that their actions were in violation of JWP's rights and they acted with the intent to interfere and disrupt JWP's business operations, and steal its clients to improperly compete.

61. Worley, Going Pro, Lloyd and JLP acted in concert with one another.

62. As a direct result of Worley, Going Pro, Lloyd and JLP's civil conspiracy, JWP suffered damages in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Defendants/third-party plaintiffs respectfully request that the Count enter judgment against Lloyd, JLP, Worley and Going Pro as follows:

1. Ordering Lloyd, JLP, Worley and Going Pro to provide a full accounting of all the ways in which they have used JWP's customer lists and trade secrets.

2. Awarding Defendants/third-party Plaintiff monetary damages, including compensatory damages, actual losses, disgorgement of Lloyd, JLP, Worley and Going Pro's ill-gotten profits, and exemplary/punitive damages as authorized by the applicable statutes.

3. Entering a preliminary injunction precluding Lloyd, JLP, Worley and Going Pro from continuing to use JWP's trade secrets and confidential customer information.

4. Permanently enjoining Lloyd, JLP, Worley and Going Pro from using, possessing, or maintaining any of JWP's trade secrets and confidential customer lists, and any derivatives, copies, or compilations the same has created using JWP's customer lists and proprietary data.

5. Ordering Lloyd, JLP, Worley and Going Pro to immediately turn over and deliver to Plaintiff all copies of JWP's trade secrets and customer data, derivative works, and compilations.

6. Awarding Defendants/third-party Plaintiffs their reasonable attorneys' fees and costs as authorized by the applicable statutes.

7. Rescinding the settlement agreement and reached among JayMoe, JWP, Lloyd and JLP and the return of any payments related to same.

.

## CERTIFICATION

Pursuant to Local Civil Rule 11.2, it is hereby stated that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

## JURY DEMAND

Defendants request a trial by jury for all issues in this case.

s/Eric H. Lubin

ERIC H. LUBIN, Esq.

Dated:  July 14, 2023